1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    ZEPHANIAH COON,                         Case No. 19-cv-05203-SI

8              Plaintiff,

9         v.                                  **ORDER GRANTING DEFENDANTS'
                                              MOTION TO DISMISS FOURTH
10   SAN MATEO COUNTY, *et al.*,              THROUGH EIGHTH CAUSES OF
                                              ACTION WITH LEAVE TO AMEND**
11             Defendants.                    Re: Dkt. No. 16

12

13        Defendants' motion to dismiss the fourth through eighth causes of action is scheduled for a

14   hearing on May 8, 2020.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter

15   is appropriate for resolution without oral argument, and VACATES the hearing.  For the reasons

16   set forth below, the Court GRANTS the motion and GRANTS plaintiff leave to amend.  The case

17   management conference scheduled for May 8 at 1:30 p.m. remains on calendar.

18

19                               **BACKGROUND**

20        On August 21, 2019, plaintiff Zephaniah Coon filed a complaint alleging eight federal and

21   state law causes of action against defendants County of San Mateo and Blake Lycett, who is

22   alleged to have been at all relevant times a San Mateo County deputy sheriff.

23        The complaint alleges that on August 21, 2018, plaintiff was arrested in Sunnyvale,

24   California and charged with a narcotics violation.  Compl. ¶ 15.  After he was processed by the

25   arresting officers, plaintiff was transferred to the Maguire Correctional Facility in San Mateo

26   County to await his arraignment.  *Id*. ¶ 16.  On August 22, 2018, plaintiff was in the general

27   holding area and "experiencing anxiety about his arrest and legal jeopardy."  *Id*. ¶ 17.  Plaintiff

28   approached defendant Lycett and requested to make a phone call.  *Id*. ¶¶ 18-19.  After Lycett

United States District Court
Northern District of California

1    ignored plaintiff's requests, plaintiff approached a different deputy and asked whether he could

2    use the phone. *Id.* ¶ 20.  Defendant Lycett "without notice or provocation, stalked PLAINTIFF

3    from behind, slamming PLAINTIFF's unprotected body against the wall, and forced PLAINTIFF

4    from his feet to the ground in a vicious and aggressive manner." *Id.* ¶ 21.  Plaintiff alleges that

5    Deputy Lycett viciously battered him, including punching and kneeing him in the head, torso, ribs

6    and extremities. *Id.* ¶¶ 2, 22.  Lycett and "possible unnamed and currently unknown assailants"

7    picked plaintiff up from the floor, slammed his head into a steel elevator door, and continued

8    attacking plaintiff, leaving him with severe physical and emotional injuries.  *Id.* ¶¶ 3-5.  The

9    assault was video recorded. *Id.* ¶ 6.

10           The complaint alleges three causes of action pursuant to 42 U.S.C. § 1983, and five causes

11   of action under state common law.  The complaint alleges that the County is "legally responsible

12   and liable for the incident" and "liable for the actions of its employees," and that Lycett was an

13   employee of the County and that is he "liable for his personal conduct." *Id.* ¶¶ 11-12.  As to the

14   state causes of action, the complaint alleges that plaintiff complied with the claims presentment

15   requirement contained in California Government Code § 910 *et seq.* by filing "a claim with San

16   Mateo County on March 24, 2019 by sending a certified letter to County Counsel (See Exhibit 1)."

17   *Id.* ¶ 9.  Exhibit 1 to the complaint is an unsigned letter from plaintiff's counsel titled "California

18   Tort Claim Act: Notice of Claim" and addressed to John Beiers, County Counsel, San Mateo

19   County Counsel Office. *Id.*, Ex. 1.

20

21                                           **LEGAL STANDARD**

22           To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to

23   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

24   (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to

25   "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

26   662, 678 (2009).  In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts

27   alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v.*

28   *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, a district court is not required to

*United States District Court*
*Northern District of California*

2

1    accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

2    unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

3         As a general rule, courts may not consider materials beyond the pleadings when ruling on a

4    Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "a

5    court may consider 'material which is properly submitted as part of the complaint' on a motion to

6    dismiss without converting the motion to dismiss into a motion for summary judgment." *Id.*

7

8                                          **DISCUSSION**

9    **I.    Government Claims Act**

10        Both defendants move to dismiss plaintiff's state law claims for failure to comply with the

11   Government Claims Act.   Defendants contend that plaintiff's claims are barred because his

12   government claim was sent to San Mateo County Counsel John Beiers and not to a recipient

13   designated by California Government Code § 915(a), specifically "the clerk, secretary, auditor, or

14   to the governing body" of the local public entity at its principal office.  Section 915(a) provides,

15   "A claim . . . shall be presented to a local public entity by either of the following means: (1)

16   Delivering it to the clerk, secretary or auditor thereof. (2) Mailing it to the clerk, secretary, auditor,

17   or to the governing body at its principal office."

18        Plaintiff does not dispute that his government claim was sent to Mr. Beiers, nor does he

19   contend that Mr. Beiers is a statutorily-designated recipient.  Instead, plaintiff argues that the

20   Court should apply the "substantial compliance" doctrine and conclude that plaintiff substantially

21   complied with the statutory requirements for a valid claim even though the claim was technically

22   deficient.  Plaintiff argues that "Defendant cannot argue in good faith that it did not have sufficient

23   information to enable it to adequately investigate the claims made by Plaintiff because the facts of

24   the incident had already been investigated by the County: the investigation of the offending officer

25   was handled by a high ranking public official employed by the Defendant, the County brought

26   criminal charges against Defendant Lycett, Defendant Lycett was terminated from his

27   employment, and numerous public statements had been made by the Defendant himself, including

28   the fact that the attack was caught on video." Opp'n at 9 (Dkt. No. 21).  Plaintiff argues that Mr.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Beiers is the highest ranking civil legal official within the county, and as such, he had the

2    obligation to give notice of the defect to plaintiff's counsel and/or to forward the claim to the

3    proper persons.  Plaintiff also asserts that Mr. Beiers' office is located at the same address as the

4    statutorily-designated recipients ("though some may be on different floors of the building"), and

5    that "Mr. Beiers likely meets in 'closed-door' sessions with the County Board of Supervisors

6    regularly."  *Id*. Plaintiff also asserts that "Defendant never acknowledges whether actual receipt of

7    the Claim ever occurred pursuant to § 915(e)(1)[1] in its Motion."  *Id*.

8         "Suits for money or damages filed against a public entity are regulated by statutes

9    contained in division 3.6 of the Government Code, commonly referred to as the Government

10   Claims Act."  *DiCampli-Mintz v. County of Santa Clara*, 55 Cal. 4th 984, 989 (2012); *see also*

11   *Neal v. Gatlin*, 35 Cal. App. 3d 871, 877-78 (1973) (where public employee was acting within

12   employee's express or implied authority, notwithstanding wrongful nature of the act, complaint

13   based on such act was properly dismissed for failure to allege filing of claim with employing

14   public entity).  "[S]ection 905 requires the presentation of 'all claims for money or damages

15   against local public entities," subject to exceptions not relevant here.  *DiCampli*, 55 Cal. 4th at 989

16   (quoting section 905).  "Claims for personal injury and property damage must be presented within

17   six months after accrual . . . '[N]o suit for money or damages may be brought against a public

18   entity on a cause of action for which a claim is required to be presented . . . until a written claim

19   has been presented to the public entity and has been acted upon . . . or has been deemed to have

20   been rejected . . . .'"  *Id*. (citing and quoting sections 911.2 and 945.4).  "Thus, under these

21   statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff

22   from filing a lawsuit against that entity."  *Id*.  Presentation of a claim "is therefore an *element* that

23   a plaintiff is required to prove in order to prevail."  *Id*. at 990 (emphasis in original).

24        In *DiCampli*, the California Supreme Court held that the plain language of section 915

25

26        [1] Section 915(e)(1) provides, "A claim, amendment, or application shall be deemed to have

27   been in compliance with this section even though it is not delivered or mailed as provided in this
     section if, within the time prescribed for presentation thereof, any of the following apply:  (1) it is

28   actually received by the clerk, secretary, auditor, or board of the local public entity."  Cal. Gov't
     Code § 915(e)(1).

1      required delivery of the claim to one of the persons designated in the statute, and rejected a

2      statutory interpretation that allowed substantial compliance with the claim delivery requirement.

3          Section 915(a)(1) reflects the Legislature's intent to precisely identify those who
            may receive claims on behalf of a local public entity.  Section 915(e)(1) reflects the
4          Legislature's intent that a misdirected claim will satisfy the presentation
            requirement if the claim is "actually received" by a statutorily designated recipient.
5          Thus, compliance with section 915(e)(1) requires actual receipt of the misdirected
            claim by one of the designated recipients.  If an appropriate public employee or
6          board never receives the claim, an undelivered or misdirected claim fails to comply
            with the statute.  This straightforward construction honors the statutory language
7          and is consistent with the purpose of the claims statutes.

8      *Id*. at 922.  The Court found that "[e]ven if the public entity has actual knowledge of the facts that

9      might support a claim, the claims statutes still must be satisfied," and that "[a] goal of the

10     Government Claims Act is to eliminate confusion and uncertainty resulting from different claims

11     procedures."  *Id*. at 990.

12             Significantly, the Court rejected the holding of an earlier California Court of Appeal

13     decision, *Jamison v. State of California*, 31 Cal.App.3d 513, 517 (1973), in which the Court of

14     Appeal held that "Service upon any responsible official of the entity, but not the statutory officer,

15     is sufficient if the party served has the duty to notify the statutory agent."  The California Supreme

16     Court held that "*Jamison* is unpersuasive because it fails to follow the statutory language

17     specifically identifying who must actually receive a claim.  Finding compliance when any agency

18     employee is served exponentially expands the scope of the statute.  By placing a duty on a public

19     employee who receives a misdirected claim to forward it to the proper agency, *Jamison*

20     improperly shifted the responsibility for presenting a claim from the claimant to the public entity."

21     *DiCampli*, 55 Cal.4th at 996.

22             The Court concludes that *DiCampli* forecloses plaintiff's substantial compliance argument.

23     Plaintiff attempts to distinguish *DiCampli* by suggesting that its holding is limited to the facts of

24     that case, which involved a notice of intent to sue that was delivered to a hospital's medical

25     staffing office.  The Court disagrees, and finds that *DiCampli* unequivocally rejected the same

26     substantial compliance argument that plaintiff presents here.  *See id*. at 987 ("We reject this

27     judicial expansion of the statutory requirements and affirm that a claim must satisfy the express

28     delivery provisions of the statute.").  The cases upon which plaintiff relies predate *DiCampli*

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1     and/or involve a different statutory scheme. *See, e.g.*, *Life v. County of Los Angeles*, 227 Cal.

2     App. 3d 894 (1991) (analyzing substantial compliance doctrine pre-*DiCampli*); *Becerra v.*

3     *Gonzalez*, 32 Cal. App. 4th 584 (1995) (examining claims presentation requirement for Foster

4     Family Home and Small Family Home Insurance Fund).

5           Plaintiff also relies on Government Code section 911 to argue that any defect in the claim

6     has been waived.  Section 911 provides in relevant part, "Any defense as to the sufficiency of the

7     claim based upon a defect or omission in the claim *as presented* is waived by failure to give notice

8     of the insufficiency with respect to the defect or omission . . . ." (emphasis added). However, as

9     defendants argue, the waiver argument is dependent on the claim actually being presented. *See*

10    *also id.* § 911.3(b) ("Any defense as to the time limit for presenting a claim described in

11    subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days

12    after the claim is presented . . . ."). Here, plaintiff does not dispute that he did not present his

13    claim to a statutorily-designated recipient, and thus the waiver argument is misplaced.

14          Plaintiff does not seek leave to amend to allege that the claim was actually presented.

15    Further, in light of plaintiff's concession that the County is immune, *see infra*, the Court finds

16    leave to amend would be futile. Accordingly, the Court does not address the parties' additional

17    arguments regarding the untimeliness of the claim and equitable tolling.

18

19    **II.     Immunity**

20          The County also contends that it is immune from liability under the state causes of action

21    pursuant to Cal. Gov't Code § 844.6. "Government Code section 844.6(a)(2), subject to stated

22    exceptions, provides that a public entity is not liable for '[a]n injury to any prisoner.'" *Teter v.*

23    *City of Newport Beach*, 30 Cal. 4th 446, 448 (2003); Cal. Gov't Code §§ 844.6(a)(2), § 845.4,

24    § 845.6. For purposes of section 844.6, a "prisoner" includes a pretrial detainee. Cal. Gov't Code

25    § 844.

26          In response, plaintiff concedes that his state law claims against the County are barred by

27    immunity. Plaintiff requests leave to amend to remove the County from those causes of action and

28    to allege them only against Lycett and Does 1-10. Opp'n at 15.   Defendants' reply does not

United States District Court
Northern District of California

1  specifically address plaintiff's request to amend the complaint to proceed on the state law claims

2  against Lycett and the Doe defendants.

3      Accordingly, the Court GRANTS defendants' motion to dismiss the fourth through eighth

4  causes of action against the County WITHOUT LEAVE TO AMEND, and GRANTS plaintiff

5  leave to amend the complaint to allege those causes of action against Lycett and the Doe

6  defendants in their personal capacities.  *See* Cal. Gov't Code § 820(a) ("Except as otherwise

7  provided by statute (including Section 820.2), a public employee is liable for injury caused by his

8  act or omission to the same extent as a private person."); *Caldwell v. Montoya*, 10 Cal. 4th 972,

9  980 (1995).  The amended complaint shall be filed by **May 12, 2020**.

10

11                          **CONCLUSION**

12      For the reasons set forth above, the Court GRANTS defendants' motion to dismiss the

13  fourth through eighth causes of action against the County WITHOUT LEAVE TO AMEND, and

14  GRANTS plaintiff leave to amend the complaint to allege those causes of action against Lycett

15  and the Doe defendants in their personal capacities.  The amended complaint shall be filed by

16  **May 12, 2020**.

17

18      **IT IS SO ORDERED**.

19

20  Dated: May 5,  2020          _____

21                          SUSAN ILLSTON
                            United States District Judge

22

23

24

25

26

27

28

7